UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXCELSIA LEATHERWARE COMPANY, | Case No. 19 Civ. 3127 |
| Plaintiff, | **COMPLAINT AND** |
| - against - | **DEMAND FOR JURY TRIAL** |
| KENNETH HOROWITZ and BAG STUDIO, LLC, | |
| Defendants. | |

Plaintiff Excelsia Leatherware Company ("Excelsia" or "Plaintiff"), through its undersigned attorneys, brings this action against Kenneth Horowitz and Bag Studio, LLC ("Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This action arises out of Defendants' conduct in inducing Excelsia to produce and ship goods to Defendants for resale without paying for the goods.

2. Defendants took delivery of the goods but has failed and refused to pay for them.

3. *There is no dispute here. Instead, Defendants simply took Excelsia's merchandise and did not pay for it.*

## THE PARTIES

4. Plaintiff Excelsia Leatherware Company is a high-quality leather goods producer based in Hong Kong, China.

5. Defendant Kenneth Horowitz resides, on information and belief, in Nassau County, New York.

6. Defendant Bag Studio, LLC ("Bag Studio") is a Limited Liability Company organized under the laws of the State of New York with a principal place of business located at

10 West 33rd Street #528, New York, New York.  On information and belief, Defendant Horowitz and Wilson Chan are the shareholders of Bag Studio.  In addition, an individual known as "Cheng" recently became a shareholder of Bag Studio.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because Plaintiff Excelsia is a citizen of Hong Kong, Defendant Bag Studio and Defendant Kenneth Horowitz are citizens of the State of New York, and the amount in controversy exceeds $75,000.

8. Under 28 U.S.C. § 1391, venue is proper in the Southern District of New York because Defendant Bag Studio resides in and has a principal place of business in Manhattan, New York.

9. This Court has personal jurisdiction over Defendants because: Defendant Bag Studio has its principal place of business in New York State; a substantial part of the events giving rise to the claims occurred in New York State; Defendants solicit business in New York State; Defendants derive substantial revenue from the sale of services or merchandise in New York State; and Defendants regularly transacts business in New York State.

## FACTS

**Defendants fraudulently induced Excelsia to ship goods**

10. On or about December 20, 2016, Excelsia exported goods to Bag Studio valued at approximately $42,479.

11. Bag Studio paid for this first shipment of goods in full on or about February 18, 2017.

12. Thereafter, Excelsia continued to manufacture for, and ship goods to, Bag Studio and Bag Studio made prompt payment within approximately 60 days.

13.     However, beginning in or around February 2018, Defendants failed and refused to timely pay for goods shipped by Excelsia.

14.     By November 30, 2018, Defendants owed Excelsia in excess of $2,460,000 for goods shipped by Excelsia between November 2017 and November 2018.

15.     To induce Excelsia to continue providing goods, Defendants continued to promise payment.

16.     For example, Horowitz wrote: "we are waiting on a BOL [bill of lading]. My plan is to send you 100k next week and 100K the following week. Can you please release the BOL."

17.     On another occasion, Chan promised a $200,000 payment "next week" and Excelsia, in reliance on the promise, agreed to release certain goods, writing, "Please keep your words this time."

18.     Horowitz promised, "[W]e will live up to our word. I really appreciate your effort in helping us out again and again."

19.     Having been induced by Defendants' repeated assurances of payment, Excelsia shipped additional goods that had already been manufactured to Bag Studio's specifications.

20.     But Defendants repeatedly failed to keep their word, failing to pay as promised.

21.     To date, Defendants owe Excelsia more than $2,760,000 for goods shipped to and received by Bag Studio.

**Defendants abused the corporate form**

22. Bag Studio was an undercapitalized corporation.

23. Horowitz admitted, "The problem I am facing is that we didn't have enough capital to start this business, from day 1 so I have been behind. … My plan it to pay you the 102.0 [sic] balance of the large invoice within the next 10 days."

24. On another occasion, Horowitz wrote, "When you are trying to grow a business and are very under capitalize[d] from th[e] beginning it creates very tough cash flow."

25. Horowitz also abused Bag Studio to improperly take corporate monies for himself.

26. Specifically, each time that Bag Studio made a payment, Horowitz demanded that 6% of the payment be kicked back to an entity named, "Kenny Horowitz, Inc."

27. Horowitz misrepresented to Excelsia that the 6% payment was an administrative fee used to pay for Bag Studio's Chinese operations. But, on information and belief, that was a lie – the 6% was a kickback scheme designed to enrich Horowitz and defraud Excelsia.

28. In at least one email, Horowitz called the kickback a "comm." – short for commission.

29. Horowitz took steps to hide the existence of the 6% kickback from other Bag Studio affiliated individuals.

30. For example, Horowitz and his confederate Wilson Chan wrote "please make sure to keep this [kickback scheme] as a top confidential business deal which is between the top management for both of us, and not for any of ours or yours staffs."

31. Horowitz was brazen, even providing signed handwritten or typed receipts for the kickbacks.

32. At one point, Horowitz asked Excelsia to lie to the Bag Studio staff on his behalf to help hide the existence of the kickback scheme.

33. Even as late as March 2019, when Bag Studio owed millions of dollars in unpaid invoices, Horowitz continued to insist that Excelsia make his personal kickback payments to him: "This Admistration[sic] [fee] is between me and you. I understand we still owe you a lot of money. However the money we pay you has included the 6%, so I would appreciate you sending the fee as agreed upon."

## FIRST CAUSE OF ACTION
### Fraud

34. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

35. Defendants repeatedly falsely promised to pay for the costs of the merchandise in order to induce Excelsia to finish shipping the products that had already been manufactured but not yet shipped because of Defendants' earlier failure and refusal to pay.

36. Defendants intended that Excelsia would rely on their repeated false promises to pay and the email inducements of Horowitz and Chan in deciding to ship the remaining merchandise.

37. Excelsia did reasonably rely on Defendants' repeated false promises to pay, and the email inducements and shipped the goods as a result.

38. Defendants fraudulently induced Excelsia into believing Defendants would honor their promises and obligation to pay for all of the merchandise.

39. As a direct and proximate result of the foregoing, Excelsia was injured and has suffered damages in an amount to be determined at trial, but not less than $2,760,000, plus interest.

40. Defendants' actions were wanton, willful, and malicious, and thus Excelsia is also entitled to an award of punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Fraud
### (*Against Defendant Horowitz Only*)

41. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

42. As set out above, Horowitz imposed upon Excelsia a fraudulent kickback scheme by intentionally and falsely representing to Excelsia that payment of a 6% "administrative" or other fee was required and used by Bag Studio in some fashion.

43. In fact, upon information and belief, no part of the kickback monies went to Bag Studio or were required by Bag Studio.

44. Instead, Bag Studio agreed to a given price for each shipment of materials, and in some instances paid that price.

45. Horowitz, through his fraudulent scheme, then took for himself a portion of the monies received by Excelsia.

46. Horowitz's misrepresentations were knowingly false – Horowitz actually took steps to hide the existence of the 6% kickback from Bag Studio.

47. Horowitz intended that Excelsia rely upon his knowing misstatements and send him the kickbacks despite there being no legitimate or business purpose for the kickbacks.

48. Horowitz's scheme was successful and Excelsia did reasonably rely upon his misrepresentations and regularly remitted to Horowitz the kickbacks he demanded.

49. As a direct and proximate result of the foregoing, Excelsia was injured and has suffered damages in an amount to be determined at trial, but not less than $101,932.39 plus interest.

50. Horowitz's actions were wanton, willful, and malicious, and thus Excelsia is also entitled to an award of punitive damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Conversion

51. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

52. Without authorization, Defendants took and refused to return or pay for the merchandise.

53. Because Defendants never paid for the merchandise, Excelsia has legal ownership or an immediate superior right to possession of the merchandise.

54. Defendants have intentionally exercised and continue to exercise unauthorized dominion and control over the merchandise, thus depriving Excelsia of its right to the merchandise.

55. As such, Defendants are liable for the tort of conversion.

56. As a direct and proximate result of the foregoing, Excelsia was injured and has suffered damages in an amount to be determined at trial, but not less than $2,760,000, plus interest.

57. Defendants' actions were wanton, willful, and malicious, and thus Excelsia is also entitled to an award of punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### Account Stated

58. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

59. A contract existed between Excelsia and Defendant Bag Studio.

60. Excelsia performed its obligations under the contract but Defendant Bag Studio did not.

61. Under that contract, a sum of at least $2,760,000 remained due and owing from Defendant Bag Studio to Excelsia.

62. An account and an indebtedness existed thereby.

63. Excelsia stated the account by rendering to Defendant Bag Studio invoices for goods delivered, and such invoices were received by Defendant Bag Studio without timely objection, protest, or rejection.

64. Excelsia further and repeatedly demanded payment.

65. By reason of the foregoing, Defendant Bag Studio is liable to Excelsia, pursuant to the theory of account stated, in an amount to be determined at trial, but not less than $2,760,000, plus interest.

### FIFTH CAUSE OF ACTION
### Breach of Contract

66. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

67. Excelsia's production of merchandise at the request and specifications of Defendant Bag Studio, along with the invoices sent by Excelsia, and the acceptance by Defendant Bag Studio of Excelsia's merchandise, formed a valid and enforceable contract between the parties.

68. Defendant Bag Studio breached the contract by failing and refusing to pay the amounts owed thereunder, despite the fact that Defendant Bag Studio requested and accepted the goods provided by Excelsia without objection, protest, or rejection.

69. Excelsia performed all of its obligations under the contract.

70. Despite repeated demands for payment from Excelsia to Defendant Bag Studio, there remains outstanding and due to Excelsia from Defendant Bag Studio the sum of $2,760,000.

71. As a result of the breach by Defendant Bag Studio, Excelsia has been damaged in an amount to be determined at trial, but not less than $2,760,000, plus interest.

## SIXTH CAUSE OF ACTION
### Unjust Enrichment

72. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

73. Excelsia has conferred a benefit upon Defendant Bag Studio by shipping over $2 million worth of merchandise to Defendant Bag Studio.

74. Defendant Bag Studio benefitted from the merchandise.

75. Despite repeated demands, Defendant Bag Studio has not paid for the goods and it would be unjust for Defendant Bag Studio to retain value of this merchandise.

76. Equity and good conscience require that Defendant Bag Studio make restitution to Excelsia.

77. As a direct and proximate result of the foregoing, Excelsia was injured and has suffered damages in an amount to be determined at trial, but not less than $2,760,000 plus interest.

## SEVENTH CAUSE OF ACTION
### Prima Facie Tort

78. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

79. Defendants have intentionally inflicted harm on Excelsia by, among other things, requesting and then accepting merchandise, reselling it to its customers, and simply refusing to pay the monies owed for the goods.

80. There has been measurable loss to Excelsia; namely, it incurred for the costs of production of the merchandise, but was never paid by Defendants, which wrongfully withheld payment.

81. There is no justification for Defendants' actions.

82. As a direct and proximate result of the foregoing, Excelsia was injured and has suffered damages in an amount to be determined at trial, but not less than $2,760,000, plus interest.

83. Defendants' actions were wanton, willful, and malicious, and thus Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment in its favor and entry of an Order:

(i) on its first cause of action, awarding Plaintiff damages in an amount to be determined at trial, but not less than $2,760,000, plus interest, plus an award of punitive damages in an amount to be determined at trial;

(ii) on its second cause of action, awarding Plaintiff damages in an amount to be determined at trial, but not less than $2,760,000, plus interest, plus an award of punitive damages in an amount to be determined at trial;

(iii) on its third cause of action, awarding Plaintiff damages in an amount to be determined at trial, but not less than $2,760,000, plus interest, plus an award of punitive damages in an amount to be determined at trial;

(iv) on its fourth cause of action, awarding Plaintiff damages in an amount to be determined at trial, but not less than $2,760,000, plus interest;

(v) on its fifth cause of action, awarding Plaintiff damages in an amount to be determined at trial, but not less than $2,760,000, plus interest;

(vi) on its sixth cause of action, awarding Plaintiff damages in an amount to be determined at trial, but not less than $2,760,000, plus interest;

(vii) on its seventh cause of action, awarding Plaintiff damages in an amount to be determined at trial, but not less than $2,760,000, plus interest, plus an award of punitive damages in an amount to be determined at trial; and

(viii) such other and further relief as the Court may deem just, proper and equitable, including an award of reasonable attorneys' fees and the costs and disbursements of this action.

## **JURY TRIAL DEMAND**

Plaintiff respectfully demands a trial by jury on all claims so triable asserted herein.

Dated: New York, NY
April 8, 2019

                           POLLOCK COHEN LLP

                           By: ____/s/ *Adam Pollock*_____
                                Adam Pollock
                           60 Broad Street, 24th Floor
                           New York, NY  10004
                           (212) 337-5361
                           Adam@PollockCohen.com
                           *Attorneys for Plaintiff*