# PLATZER, SWERGOLD, LEVINE,
## GOLDBERG, KATZ & JASLOW, LLP
### *COUNSELORS AT LAW*

475 PARK AVENUE SOUTH
18TH FLOOR
NEW YORK, NEW YORK 10016
TELEPHONE 212.593.3000
FACSIMILE 212.593.0353

WWW.PLATZERLAW.COM
NY #2035058 - DCA

**COPY FOR YOUR INFORMATION**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/17/19

FOUR GREENTREE CENTER
601 ROUTE 73 NORTH
SUITE 305
MARLTON, NEW JERSEY 08053
TELEPHONE 856.782.8644

☐ *If checked, reply to
New Jersey Office*

May 10, 2019

Via E-Mail and Hand Delivery
Adam Pollock, Esq.
Pollock Cohen LLP
60 Broad St., 24th Fl.
New York, NY 10004
(Adam@pollockcohen.com)

Re:    Excelsia Leatherware Company v Kenneth Horowitz and Bag Studio LLC
       Case# 19 Civ 3127 (VM) (the "Action")

Dear Adam:

As we discussed during our telephone conference and follow up emails on Thursday, May 9, 2019, and Friday, May 10, 2019, this firm has recently been engaged as counsel for Kenneth Horowitz ("Horowitz") and Bag Studio LLC ("Bag Studio" and with Horowitz, are collectively the "Defendants") with respect to the Action commenced by your firm on behalf of Excelsia Leatherware Company (the "Plaintiff" or "Excelsia"). As you have advised me that you are unwilling to voluntarily dismiss the Action despite our advising you that this Court lacks subject matter jurisdiction over the entire Action, we write this letter to you in compliance with the Individual Practices of United States District Judge Victor Marrero (the "Court's Chamber's Rules") Section II(B) Motions to Dismiss. Specifically, as we have advised you, Defendants admit (as alleged in your complaint in the Action, Docket #6, Paragraph 6) that Bag Studio as a limited liability company. However, in Paragraph "6" of the Complaint you have incorrectly identified Wilson Chan (Chan Ping Kei) as a shareholder. Mr. Chan is in fact a member of Bag Studio, holding a significant membership interest in Bag Studio. As we have further advised you, Mr. Chan is a citizen of Hong Kong, China. In Paragraph "7" of the Complaint you have identified the Plaintiff as a citizen of Hong Kong, China and the sole basis for subject matter jurisdiction is diversity in accordance with 28 U.S.C. § 1332.

Respectfully, the Defendants assert that you knew or should have known that their was a lack of diversity as you were clearly aware Mr. Chan held an interest in Bag Studio and were in direct communications with him as evidenced by the affidavit of Mr. Chan filed by Plaintiff in the Action [Docket # 11-4] in support of entry of a default judgment.

GOLDBERG, KATZ & JASLOW, LLP

COUNSELORS AT LAW

In this affidavit, Mr. Chan declares under penalty of perjury that he is a "shareholder" of Bag Studio. As Bag Studio is a limited liability company, Mr. Chan is a member and holds a membership interest in Bag Studio. He is not a shareholder of Bag Studio. Plaintiff's allegation in the Complaint of diversity jurisdiction in light of your clear prior communications with Mr. Chan is questionable at best. As we have expressed to you, a limited liability company is deemed to be a citizen of all of the states and foreign states of its members. *See ICON MW, LLC v Hofmeister*, 950 F. Supp. 2nd 544 (S.D.N.Y 2013, *citing Bayerische Landesbank, N.Y.Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Additionally, for purposes of diversity jurisdiction, a corporation, in this case, the Plaintiff, is a "citizen" or "subject" of the entity under whose sovereignty it is created. *See National Steamship Co. v. Tugman*, 106 U.S. 118, 121, 27 L. Ed. 87, 1 S. Ct. 58 (1882); *Restatement (Second) of the Foreign Relations Law of the United States* § 26 (1965).

In *IGY Ocean Bay Props. v. Ocean Bay Props. I*, 534 F. Supp 2d 466 (S.D.N.Y. February 19, 2008) (Marrero, J.), the Court held that diversity did not exist between the parties when the parties on both sides of the dispute were all foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens. *See also F5 Capital v. Pappas* 856 F.3d 61, 89 (2nd Cir. 2017) *citing, Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

Accordingly, there is not complete diversity in this Action because there are not only foreign citizens on both sides of the dispute, but also citizens of Hong Kong, China on both sides of the dispute. Thus, the Court does not have subject matter jurisdiction based on diversity of citizenship. We respectfully submit that the Action must be dismissed.

Defendants also take issue with Plaintiff's proposed stipulation to voluntarily dismiss the Action against only Bag Studio, as Bag Studio is obviously an indispensable and necessary party pursuant to FRCP Rule 19(a) and whose joinder would destroy diversity jurisdiction necessitating a Rule 12 motion to dismiss. It is well settled that a party to a contract which is the subject of the underlying litigation is considered a necessary party. *Global Detection & Reporting, Inc. v. Securetec Detektions-Systems AG*, 2008 U.S. Dist. LEXIS 95038 (S.D.N.Y. November 28, 2008); *Samaha v. Presbyterian Hosp.*, 757 F.2d 529, 531 (2d Cir. 1985); *Rayn v. Volpone Stamp Co., Inc.*, 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000). Here, Bag Studio is clearly a necessary party as the Complaint has alleged a breach of contract claim concerning the alleged contract between Plaintiff and Bag Studio. In addition, given the existing Complaint which completely intertwines Bag Studio and Horowitz, such limited dismissal would necessitate the filing of an amended complaint, which we would also oppose and would still be subject to a Rule 12(b)(7) motion to dismiss.

To the extent that Bag Studio were dismissed from this Action with Horowitz remaining, we would also seek to dismiss this Action in its entirety based upon: (1) Plaintiff's failure to join a necessary party (Bag Studio); (2) the requested relief is duplicative as to Plaintiff's breach of contract action; (3) the alleged fraud is not pleaded with sufficient particularity; (4) as to the fraud claim there is no loss causation or

GOLDBERG, KATZ & JASLOW, LLP
*COUNSELORS AT LAW*

transaction causation; (5) there was no justifiable reliance to support a fraud claim; and (6) there was no damage separate and apart from the alleged breach of contract damages against Bag Studio, who would no longer be a party.

Accordingly, it is our strong recommendation that Plaintiff withdraw this Action in its entirety which may be properly commenced in state court, if Plaintiff so chooses.

In accordance with the Court's Chamber's Rules please respond to this letter within seven (7) calendar days with your position. If we are unable to resolve this matter, we will advise the Court and request authority to move to dismiss the Action based upon the Court's lack of subject matter jurisdiction and the other issues listed above.

Finally, this letter shall further confirm that Plaintiff has agreed to withdraw its current motion seeking the entry of a Certificate of Default against Defendants.

Very truly yours,

Clifford A. Katz

COPY FOR YOUR INFORMATION

cc:   The Honorable Victor Marrero, U.S.D.J (via fax)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by

_defendants_ .

**SO ORDERED.**

5-17-19

DATE               VICTOR MARRERO, U.S.D.J.