# PLATZER, SWERGOLD, LEVINE, GOLDBERG, KATZ & JASLOW, LLP

### COUNSELORS AT LAW

475 PARK AVENUE SOUTH
18TH FLOOR
NEW YORK, NEW YORK 10016
TELEPHONE 212.593.3000
FACSIMILE 212.593.0353

WWW.PLATZERLAW.COM
NY #2035058 - DCA

FOUR GREENTREE CENTER
601 ROUTE 73 NORTH
SUITE 305
MARLTON, NEW JERSEY 08053
TELEPHONE 856.782.8644

☐ If checked, reply to
New Jersey Office

May 23, 2019

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/19
```

Via E-Mail
Adam Pollock, Esq.
Pollock Cohen LLP
60 Broad St., 24th Fl.
New York, NY 10004
(Adam@pollockcohen.com)

Re:   *Excelsia Leatherware Company v. Kenneth Horowitz and Bag Studio LLC*
      Case No. 19-Civ- 3127 (VM) (the "Action")

Dear Adam:

We received your letter, dated May 17, 2019, proposing the dismissal of Bag Studio, LLC ("Bag Studio") from the Action and also seeking permission to amend the Complaint to remove causes of action 1 and 3-7, leaving only the second cause of action for fraud against defendant, Kenneth Horowitz ("Horowitz").

It is clear from your letter that you are aware this Court does not have subject matter jurisdiction over the Action as the parties to this action are not diverse. As set forth in my letter, dated May 17, 2019, complete diversity does not exist when the parties on both sides of the dispute are all foreign entities, or when on one side there are citizens and aliens and on the opposite side there are only aliens. *IGY Ocean Bay Props. v. Ocean Bay Props. I*, 534 F. Supp 2d 466 (S.D.N.Y. February 19, 2018) (Marrero, J.). *See also F5 Capital v. Pappas* 856 F.3d 61, 89 (2nd Cir. 2017) (*citing*, *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2nd Cir. 2002)).

We disagree with the notion that Plaintiff may merely excise Bag Studio from the Complaint and maintain this Action solely against Horowitz. Bag Studio is obviously a necessary party as Plaintiff's alleged contractual counter-party with regard to the acts and transactions identified in the Complaint and is not a mere joint tortfeasor. Plaintiff's alleged "kickback scheme" is inextricably intertwined with the underlying claim of breach of contract, which Plaintiff apparently seeks to ignore in its proposed amended complaint. Moreover, the issue of whether Plaintiff was defrauded by the alleged "kickback scheme" requires probing the validity of the underlying contract as it relates to the alleged "kickback scheme." Or, stated somewhat differently,

**PLATZER, SWERGOLD, LEVINE,**
**GOLDBERG, KATZ & JASLOW, LLP**
COUNSELORS AT LAW

if the alleged "kickback scheme" is not a fraud, but rather a legitimate part of the alleged contract, then there is no "fraud" at issue. Thus, the issues underlying Plaintiff's fraud claim are substantially identical to those raised by the breach of contract claim. *LoCurto v. LoCurto*, 71 Fed. R. Serv. 3d (Callaghan) 1004, 1031-1032 (2d Cir. 2008). Accordingly, we submit that the claims and parties are inextricably intertwined. In addition, as we have discussed, having multiple actions in different courts not only adds to the cost of litigation, but also could lead to inconsistent results and findings.

Accordingly, we cannot agree to stipulate to remove a party which we believe is inextricably intertwined and necessary for a complete resolution of the issues. The Complaint must be dismissed for lack of subject matter jurisdiction, a fact which Plaintiff apparently concedes, and brought (if Plaintiff so chooses to re-file) before a court with subject matter jurisdiction over both defendants.

Very truly yours,

Clifford A. Katz

cc: The Honorable Victor Marrero, U.S.D.J. (via fax)

---

_Plaintiff_ directed to respond by _5-27-19_ by letter not to exceed _three (3)_ pages, to the matter set forth above by _defendants_.

SO ORDERED.

_5-23-19_
DATE         VICTOR MARRERO, U.S.D.J.